**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID D. MARTIN,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:15-cv-02118** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **ZURICH AMERICA, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the Court is Plaintiff David D. Martin's motion to remand (Doc. No. 7) following Defendants Zurich America and Zurich North American's[1] notice of removal (Doc. No. 1). For the reasons that follow, the Court will deny Plaintiff's motion.

## I. BACKGROUND

This case is an insurance coverage dispute between Plaintiff, who was injured in an auto accident on March 1, 2015, and the Defendant insurers, who allegedly maintained an underinsured motorist policy on the vehicle Plaintiff was driving at the time of the accident. (See Doc. No. 1-2 ¶¶ 2, 3, 7.) Plaintiff filed his complaint for declaratory judgment in the Court of Common Pleas for Dauphin County, Pennsylvania on September 8, 2015. (Id.) Defendants removed the action on November 4, 2015, invoking this Court's diversity subject matter jurisdiction. (Doc. No. 1 ¶ 6.)

This coverage action presents the question of whether the owner of the vehicle Plaintiff was driving at the time of the accident had properly executed a waiver of underinsured motorist coverage. (See Doc. No. 1-2 ¶¶ 13-20.) Plaintiff argues that the owner executed no such waiver, so that under Pennsylvania law, Defendant insurers are responsible for compensating him for

[1] Defendants have alternatively been identified as one entity, known as Zurich American Insurance Company. (Doc. No. 10 at 1.)

injuries sustained in the accident beyond the limits of the other driver's allegedly inadequate policy limits. (See id.) (quoting 75 Pa. Stat. §§ 1731-33). According to Plaintiff, Defendants have repeatedly failed to produce an executed underinsured motorist coverage waiver. (See Doc. No. 1-2 at 22.) In their answer, Defendants deny that no waiver was properly executed. (Doc. No. 8 ¶ 14.)

Plaintiff filed his motion to remand the case on November 18, 2015. (Doc. No. 7.) Plaintiff asks the Court to decline in its discretion to exercise jurisdiction over this case. (Doc. No. 7.) Defendants argue that the case falls properly within the Court's diversity jurisdiction, and that the Court should not decline to exercise jurisdiction. (See Doc. No. 10 at 3-10.) The motion has been fully briefed and is ripe for disposition.

## II. LEGAL STANDARD

In general, the "party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." Boyer v. Snap-on Tools Corp., 913 F.2 108, 111 (3d Cir. 1990). Typically, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Id. (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

However, for motions to remand predicated on a federal court's discretion to decline jurisdiction over a declaratory judgment action, remand "implicates neither a lack of subject matter jurisdiction nor a defect in removal procedure." Reifer v. Westport Ins. Corp., 751 F.3d 129, 133 (3d Cir. 2014). In these cases, the decision to exercise jurisdiction is committed to the sound discretion of the district court, informed by a list of factors announced by the United States Court of Appeals for the Third Circuit in Reifer and discussed in more detail below. See id. at 137-148.

## III. DISCUSSION

Plaintiff argues that the Court should decline to exercise jurisdiction over this declaratory judgment action. (Doc. No. 9 at 3-6.) The federal statute governing declaratory judgment provides that federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). Consequently, district courts "possess discretion in determining whether and when to entertain an action under the [declaratory judgment statute], even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (internal citation omitted).

In one common scenario, insurance companies remove declaratory judgment actions concerning their obligations under a policy governed exclusively by state law. Reifer, 751 F.3d 129, 141 (3d Cir. 2014) (internal citation omitted). In these removal cases, "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." State Auto Ins. Cos. v. Summy, 234 F.3d 131, 136 (3d Cir. 2000). As a result, federal district courts routinely remand these cases to state courts. E.g., Osenbach v. Allstate Fire & Cas. Ins. Co., No. 14-5800, 2015 WL 5655673 (E.D. Pa. Sept. 25, 2015).

However, the United States Court of Appeals for the Third Circuit recently cautioned against "declining jurisdiction per se" where an insurer invokes "diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." See Reifer, 751 F.3d at 147. The Third Circuit instead instructed district courts to consider a number factors when determining whether to exercise jurisdiction over such declaratory judgment actions:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties;

> (3) the public interest in settlement of the uncertainty of obligation; (4) the availability and relative convenience of other remedies; (5) a general policy of restraint when the same issues are pending in a state court; (6) avoidance of duplicative litigation; (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

751 F.3d at 144, 146. The Reifer panel also stated that, "[w]here state law is uncertain or undetermined, the proper relationship between federal and state courts requires district courts to 'step back' and be 'particularly reluctant' to exercise … jurisdiction" over the declaratory judgment action. Id. at 148.

Turning to the present motion, the Court first finds that, as to the "the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy," Reifer, 751 F.3d at 146, this factor weighs in favor of exercising jurisdiction. There is no parallel state court proceeding, and a federal court declaration would unquestionably resolve uncertainty as to the underlying insurance coverage.

The second Reifer factor – convenience of the parties – is neutral because Harrisburg, Pennsylvania is the location of both this Court and the relevant state court. As a result, the forums are equally convenient forums to the parties and witnesses.

Neither party has identified a compelling public interest in this dispute, so the third factor is equivocal. Nationwide Ins. Co. v. Resseguie, 980 F.2d 226, 231 (3d Cir. 1992).

The fourth factor, "the availability and relative convenience of other remedies," Reifer, 751 F.3d at 146, is also equivocal. Relief from this Court and relief from the state court would be equally effective.

The fifth, sixth, and eighth factors are also equivocal, because all three concern the relationship of the putative federal action to parallel state court proceedings, Reifer, 751 F.3d at

146, and no parallel state court proceedings are ongoing in the present dispute. In addition, the Court is cognizant that "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." Reifer, 751 F.3d at 144.

The seventh Reifer factor cautions against exercising jurisdiction when removal is mere "procedural fencing," or forum shopping. Id. at 146. The Court sees no indication that removal here was driven by an improper motive, so this factor is also equivocal.

The Reifer panel instructs courts that its list of factors is not exhaustive, and that courts should consider any other relevant factors in exercising their discretion. Id. In the present case, the Court observes that the dispute appears to chiefly concern a narrow question of contested fact about an executed waiver that, when answered, could facilitate this litigation's orderly resolution. Consequently, the Court finds that the parties would be better served by proceeding in the federal forum without the unnecessary delay of remanding this case to the state courts where a new case management schedule may be issued. In addition, neither party has argued that this case concerns a developing question of state law, so the Commonwealth's interest in resolving this dispute appears limited to the interest that the Commonwealth possesses over all civil disputes involving its citizens. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985); McGovern v. GEICO, No. 15-2312, 2015 WL 2330080, at *1 (E.D. Pa. May 14, 2015); Gen. Nutrition Corp. v. Natrol, Inc., No. 11-1566, 2012 WL 1536972, at *6 (W.D. Pa. April 30, 2012).

On balance, while the Court sees no compelling federal interest in adjudicating this dispute, the Court will nevertheless exercise jurisdiction over the parties' dispute. The Court is mindful that no parallel state action is ongoing, that no important state law questions seem

implicated by the dispute, that the parties are alleged to be completely diverse, and that no improper motive for removal has been identified.

## IV. CONCLUSION

For the reasons discussed above, the Court will deny Plaintiff's motion to remand. An order consistent with this memorandum follows.[2]

---

[2] In addition, Defendants filed a motion to file a sur-reply brief on the motion to dismiss, together with a proposed brief. In light of the Court's disposition of the motion, the Court will deny Defendants' motion as moot.